IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-0644-10




 

TOMMY CORONADO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


DEAF SMITH COUNTY





 Hervey, J., filed a concurring opinion in which Keasler, J., joined.


CONCURRING OPINION


 I respectfully concur. While I do agree that the written interrogatories propounded
by the neutral interviewer in this case did not constitute a sufficient method of cross-examination to satisfy a defendant's constitutional right to confront witnesses, I also
believe there must be a balance between a defendant's right to confrontation and a
societal need to protect child victims.

 Surely we cannot overlook the plausible option of presenting child victim
testimony via closed circuit television in the manner proscribed by this Court in Gonzales
v. State, 818 S.W.2d 756 (Tex. Crim. App. 1991). There we held that use of a two-way
closed circuit television system to obtain the testimony of a child witness did not violate
the defendant's state and federal confrontation rights. Use of this particular system was
employed after a determination that the system was necessary to protect the child's well-being and that she would suffer severe trauma if forced to testify in the courtroom. The
system provided a live two-way presentation of the child's sworn testimony, and allowed
for rigorous and contemporaneous objection and cross-examination. The witness and
defendant could view one another and could be observed by the judge and jury. The
witness was merely in another room.

 To me, this option is clearly constitutional and satisfies the concerns of both
Crawford v. Washington (1) and Maryland v. Craig (2) because the evidence presented is being
subjected to rigorous (contemporaneous), adversarial testing (3) while safeguarding a
compelling state interest (4) to protect a child witness from the severe trauma of testifying in
the courtroom.

 I respectfully concur.Filed: September 14, 2011

Publish
1. Crawford v. Washington, 541 U.S. 36 (2004).
2. Maryland v. Craig, 497 U.S. 836 (1990).
3. Crawford, 541 U.S. at 74; Craig, 497 U.S. at 845, 857.
4. Craig, 497 U.S. at 852.